Filed 5/1/14  P. v. Chesneau CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058954 |
| v. | (Super.Ct.No. FVI05391) |
| DAVID CHESNEAU, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Daniel G. Koryn, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant David Chesneau appeals after the trial court denied his petition for resentencing under Penal Code section 1170.126, known as the Three Strikes

1

Reform Act of 2012 (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012)).[1] A notice of appeal was filed on defendant's behalf on June 12, 2013.[2] We affirm.

PROCEDURAL BACKGROUND

On July 16, 1997, a jury found defendant guilty of manufacturing methamphetamine (Health & Saf. Code, § 11379.6, subd. (a), count 2), possession of analogs with the intent to manufacture methamphetamine (Health & Saf. Code, § 11383, subd. (c), count 4), renting/leasing a place for manufacturing or storing controlled substances for sale or distribution (Health & Saf. Code, § 11366.5, subd. (a), count 5), and possession for sale of a controlled substance (Health & Saf. Code, § 11378, count 6). A trial court found that he had two prior strike convictions. (§§ 1170.12, subds. (a)-(d) & 667, subds. (b)-(i).) On April 21, 1998, following the denial of defendant's motion for

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

[2] We note that the appealability of the denial of a section 1170.126 petition is currently being considered by the Supreme Court. (See, e.g., *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708 [court held it was not appealable]; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017 [court held it was appealable].) Even if we were to conclude it was a nonappealable order, we could, in the interest of judicial economy and because of uncertainty in the law, treat defendant's appeal as a petition for writ of habeas corpus or petition for writ of mandate. (See *People v. Segura* (2008) 44 Cal.4th 921, 928, fn. 4 [treating appeal from nonappealable order as petition for writ of habeas corpus]; *Drum v. Superior Court* (2006) 139 Cal.App.4th 845, 852-853 [Fourth Dist., Div. Two] [treating appeal as petition for writ of mandate due to uncertainty in the law].) In any event, we will review defendant's appeal.

2

new trial, the court sentenced him to state prison for 25 years to life on count 2, and 25 years to life on counts 4, 5, and 6, to run concurrent to count 2.

On February 19, 2013, defendant filed an in pro. per. petition for writ of habeas corpus, claiming that the provisions of the Three Strikes Act that exclude him from relief under the Act are unconstitutional. The court deemed the writ to be a petition for recall of sentence. The court denied the petition since defendant had a prior conviction for oral copulation with a child (§ 288a, subd. (c)), which made him ineligible for resentencing under section 1170.126. (§ 1170.126, subd. (e)(3).)

## ANALYSIS

After the notice of appeal was filed, this court appointed counsel to represent defendant. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a statement of the case, a brief statement of the facts, and identifying three potential arguable issues: (1) the grounds stated in the petition for writ of habeas corpus; (2) whether the trial court erred in denying defendant's petition for resentencing under section 1170.126; and (3) what relief would be available if the court erred in finding him ineligible for resentencing.

Defendant was offered an opportunity to file a personal supplemental brief, which he has not done. Under *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

3

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST

Acting P. J.

We concur:


McKINSTER

J.


KING

J.